**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW S MARTIN, | No. C 09-02427 CRB |
| Plaintiff, | **ORDER** |
| v. | |
| JIM NORD, | |
| Defendant. | |

On March 17, 2009, Plaintiff filed a petition in the Napa County Superior Court to remove Jim Nord as the trustee of the Stephen Arthur Williams Living Trust. On May 6, 2009, Plaintiff removed that case to this Court. Plaintiff failed to respond to this Court's May 6, 2009 order to show cause as to why the action should not be remanded in light of section 1446's requirement that only a defendant may remove a case, and on May 20, 2009 this Court remanded that action.

On June 1, 2009, Plaintiff initiated a new suit, filing with this Court a single document which appears to be two distinct complaints, both alleging that Defendant Nord and others violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, in conjunction with the above-mentioned probate matter. Plaintiff's first complaint "demand[s] . . . immediate stay of lower court proceedings." Plaintiff's second complaint includes a variety of additional causes of action, many of which rely on state law. In both complaints, Plaintiff has failed to adequately plead his federal claims.

### I. RICO Claims

Plaintiff alleges that Defendant Nord and Nord's attorney, Defendant Bruce Ketron, violated 18 U.S.C. §§ 1961 and 1962.  However, Plaintiff does not specify under which provision of RICO he is suing, and the Court is unable to guess which might apply.  Among other things, Plaintiff accuses Defendants Nord and Ketron of: "simply lying about the contents of a public court record" with the "intention [of depriving] me of property and business interest by expecting me to rely on his false statement and/or omission regarding the court record in which he overtly and wilfully failed to answer . . . .," and of "fabricat[ing] three false documents, commonly known as a 'pack of lies.'"  Plaintiff also accuses Defendant Nord of stealing money out of a safe deposit box, and of committing some wrongdoing surrounding the sale of a car.

Plaintiff also alleges numerous illegal acts by other defendants, such as "aid[ing] and abett[ing] frauds" committed by Defendants Nord and Ketron, and "court collusion and cover-up," about which he further states:

> The County of Napa SUPERIOR COURT . . . is literally running a racket by conducting "proceedings" not cognizable within the Federal Rules of Civil Procedure or any state's rules of civil procedure resulting in [two cases] being void judgments and without subject matter jurisdiction.  Matthew Shaun Martin, is among those victimized and dares to stand up to the corruption and monstrous evil of a system of law and justice taken over and run as a commercial enterprise dedicated to control the Probate proceedings of something referred to as "the practice of law."

Plaintiff also complains of an unlawful detainer action against him, about which he says Defendants "failed to heed my repeated admonitions, and thumbed their nose both at the trust instrument and the concise rule of law, and overtly violated public policy, threw my [sic] off my own homestead, and made me homeless."

The Court cannot construe a RICO claim from these sweeping and disjointed allegations.  Plaintiff has not alleged his claims with particularity as required under Fed. R. Civ. P. 9(b), and has failed to allege facts that would support a claim under any of the four subsections of 18 U.S.C. § 1962.

//

//

2

## II.  Other Federal Claims

In his second complaint, Plaintiff asserts a claim of "obstruction of justice" under 18 U.S.C. §§ 1505, 1509 and 1510, criminal statutes for which he has no private right of action. He also includes claims for "unlawful takings of property" and for "violation of substantive due process of law," both which he identifies as felonies under the Fifth Amendment. The only substantiation Plaintiff provides for a due process claim is a repeated assertion that various Defendants committed acts of "false documentation, willful silence, and refusal to give DUE PROCESS OF LAW" in his probate proceeding, "in overt collusion with the lower County of Napa superior court." Plaintiff has failed to articulate why he is entitled to bring a Fifth Amendment claim and has not identified to which Defendants these claims apply.

## III.  Conclusion

Plaintiff's complaint is DISMISSED with leave to amend within thirty (30) days. In his amended complaint, Plaintiff must set forth *with particularity* specific allegations supporting Plaintiff's RICO claims. Plaintiff must also set forth the basis for his Fifth Amendment claims. Failure of Plaintiff to comply with this Order will be deemed grounds for dismissal of all of his federal claims.

**IT IS SO ORDERED.**

Dated: June 8, 2009

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE