IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW S. MARTIN,<br><br>    Plaintiff,<br><br>  v.<br><br>JIM NORD,<br><br>    Defendant.                   / | No. C 09-02427 CRB<br><br>**ORDER** |

    Plaintiff filed a petition on March 17, 2009 in the Napa County Superior Court to remove Jim Nord as the trustee of the Stephen Arthur Williams Living Trust. On May 6, 2009, Plaintiff removed that case to this Court. Plaintiff failed to respond to this Court's May 6, 2009 order to show cause as to why the action should not be remanded in light of section 1446's requirement that only a defendant may remove a case, and on May 20, 2009 this Court remanded that action. On June 1, 2009, Plaintiff initiated a new suit in this Court, alleging that Defendant Nord and others violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, in conjunction with the above-mentioned probate matter. Plaintiff is proceeding in forma pauperis.

    In an Order on June 8, 2009, this Court held that Plaintiff had failed to adequately plead his federal claims. Specifically, the Court explained that Plaintiff did not specify under which provision of RICO he was suing, and that the Court could not "construe a RICO claim from [Plaintiff's] sweeping and disjointed allegations," which included that "the County of

Napa SUPERIOR COURT . . . [was] literally running a racket" and that Defendants "failed to heed my repeated admonitions, and thumbed their nose both at the trust instrument and the concise rule of law."  The Court explained that Plaintiff had not alleged his claims with particularity as required under Fed. R. Civ. P. 9(b), and had failed to allege facts that would support a claim under any of the subsections of 18 U.S.C. § 1962.

The June 8, 2009 Order further explained that Plaintiff's remaining federal claims, which included "obstruction of justice" under 18 U.S.C. §§ 1505, 1509 and 1510, "unlawful takings of property," and "violation of substantive due process of law," were also inadequately pled.  The Court dismissed Plaintiff's complaint and provided him with thirty days in which to amend by pleading "*with particularity* specific allegations supporting Plaintiff's RICO claims" and providing the basis for his Fifth Amendment claims.  The Order warned Plaintiff that failure to comply would be deemed grounds for dismissal of all of his federal claims.  On July 16, 2009, due to untimely service of the Court's June 8, 2009 Order, the Court extended Plaintiff's deadline an additional thirty days.

The Court is now in receipt of a new filing by Plaintiff, captioned "Second Amended Complaint on Removal to Federal Court (Federal Question) File on Demand - Demand for Lower Court Temporary Injunction - Temporary Stay of Lower Court Proceedings Requested."  The top of the filing states "Respondent's Notice of Filing Notice of Removal," and the filing has a footer on every page reading "Notice of Removal."  The filing argues throughout that removal is proper for various reasons.

To the extent this filing is a notice of removal, it is ineffectual.  The state court suit that Plaintiff seeks to remove, Superior Court of California for the County of Napa case no. 26-38293, is one that Plaintiff himself brought in state court to remove the trustee of the Stephen Arthur Williams Living Trust.  It is the same suit Plaintiff attempted to remove to this Court on May 6, 2009, and which this Court has already remanded, citing section 1446's requirement that only a defendant may remove a case.

This filing might also be construed as an amended complaint.  When a plaintiff is pro se, the complaint must be liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520

(1972).  Nonetheless, "[p]ro se litigants must follow ths same rules of procedure that govern other litigants."  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Pursuant to 28 U.S.C. § 1915, the court is directed to dismiss a case at any time if it determines that a Plaintiff who is proceeding in forma pauperis has made an allegation of poverty that is untrue, or if his action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Plaintiff has not amended his complaint in the manner directed in the Court's June 8, 2009 Order and still fails to state a claim as to his federal causes of action.  He has not provided the basis for his Fifth Amendment claims, and he has failed to plead with any particularity specific allegations supporting his RICO claims.  The new filing includes a two-page section entitled "RICO Statement," consisting largely of a string of citations offered in support of the assertion that Plaintiff has already adequately pled his RICO claim. Yet Plaintiff has provided no additional information as to this claim, and has not even identified which provision of RICO Defendants are said to have violated.

Accordingly, Plaintiff's federal claims are hereby DISMISSED with prejudice, without prejudice to Plaintiff's pursing his state claims in state court.

**IT IS SO ORDERED.**

Dated: August 17, 2009

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE